UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TAMMY BEAUDREAULT, as Fund :
Administrator of the Teamsters Local :
251 Health Services and Insurance :
Plan :
      v. : C.A. No. 12-565S
 :
ANTHONY DELFARNO and :
LISA LAVIGNE :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72) are Plaintiff's Motion for Summary Judgment and Defendants' Motion for Summary Judgment. (Document Nos. 14 and 16). Although Plaintiff requested oral argument on the Motion, the Court has determined that the parties' respective positions are clearly articulated in their legal memoranda, and further oral argument is unnecessary.

**Background**

Plaintiff is Tammy Beaudreault, in her capacity as Fund Administrator of the Teamsters Local 251 Health Services and Insurance Plan, and as a fiduciary within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3). Defendants are Anthony Delfarno and Lisa Lavigne a/k/a Lisa Delfarno. Plaintiff alleges that Anthony Delfarno was the President and sole officer of ADF, Inc. at all relevant times, and Lisa Lavigne a/k/a Lisa Delfarno was the registered owner of ADLA, LLC at all relevant times. (Document No. 1, ¶¶ 3, 4).

On May 10, 2010, Plaintiff obtained a Consent Judgment in her favor in the amount of $144,953.68 against ADF and ADLA for delinquent employee benefit contributions owed to the Plan.

See Beaudreault v. ADF, Inc. and ADLA, LLC, C.A. No. 09-065S (D.R.I. 2010). In proceedings before the National Labor Relations Board, the Board found that ADF and ADLA were alter egos and violated Section 8(a)(5) of the National Labor Relations Act by withdrawing recognition from Teamsters Local Union No. 251 ("Local 251") and repudiating ADF's collective bargaining agreement with Local 251. See ADF, Inc. and its Alter Ego ADLA, LLC, 355 N.L.R.B. Nos. 14 and 62 (2010). The Board ordered relief which included making "all delinquent payments to the Union's fringe benefit funds" but made no finding as to Defendant Delfarno's personal liability for the relief ordered. Id. On December 15, 2010, the First Circuit entered judgment by default and enforced the Board's Order. NLRB v. ADF, Inc. and its alter ego ADLA, LLC, No. 10-1939 (1st Cir. Dec. 15, 2010).

In this action, Plaintiff now seeks to pierce the corporate veil of ADF and ADLA and hold Defendants personally liable for the Consent Judgment entered against ADF and ADLA in C.A. No. 09-065S, as well as the contributions owed to Plaintiff as a result of ADF and ADLA's unfair labor practices. (Document Nos. 1 and 5 at p. 3). Defendants deny that the facts justify piercing the corporate veil and have demanded a jury trial.[1] (Document Nos. 2 and 4). Both parties rely upon federal common law as the legal framework to evaluate the issue of piercing the corporate veil.

**Summary Judgment Standard**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if the pertinent evidence is such that a rational fact finder could render a verdict in favor of either party, and a fact is "material" if it "has the capacity to sway the outcome of the litigation under

---

[1] Plaintiff has not moved to strike the jury demand and neither party has substantively addressed whether Defendants are legally entitled to a jury trial in this ERISA context. Thus, the Court assumes for purposes of resolving these Motions that Defendants are entitled to a jury trial.

the applicable law." Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995) (citing Anderson v. Liberty Lobby. Inc., 477 U.S. 242, 248 (1986)).

The moving party bears the burden of showing the Court that no genuine issue of material fact exists. Nat'l Amusements, 43 F.3d at 735. Once the movant has made the requisite showing, the non-moving party may not rest merely upon the allegations or denials in its pleading, but must set forth specific facts showing that a genuine issue of material fact exists as to each issue upon which it would bear the ultimate burden of proof at trial." Okpoko v. Heinauer, No. 10-43S, 2011 WL 835598, *15 (D.R.I. Mar. 3, 2011). The Court views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1st Cir. 1997) (citation omitted).

Cross-motions for summary judgment "simply require [the court] to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." Barnes v. Fleet Nat'l Bank, N.A., 370 F.3d 164, 170 (1st Cir. 2004) (internal quotation marks and citation omitted). The legal standard for summary judgment is not changed when parties file cross-motions for summary judgment. Adria Int'l Grp., Inc. v. Ferre Dev. Inc., 241 F.3d 103, 107 (1st Cir. 2001). "The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." Bienkowski v. Ne. Univ., 285 F.3d 138, 140 (1st Cir. 2002) (internal quotation marks and citation omitted).

**Discussion**

In support of her Motion, Plaintiff argues that "the undisputed evidence shows that Defendants consistently ignored corporate formalities by commingling funds, treating corporate assets as their own, and undercapitalizing [ADF and ADLA]" and argues that she meets her burden as a matter of law to pierce the corporate veil and hold Defendants Delfarno and Lavigne personally liable for the debts of

ADF and ADLA. (Document No. 14 at p. 3). Defendants strenuously dispute that the record supports piercing the corporate veil and counter that the undisputed facts do not meet the high burden necessary to disregard corporate form and impose personal liability. (Document No. 16-1 at p. 2).

     **A.     Legal Standard for Piercing the Corporate Veil**

"There is no litmus test in the federal courts governing when to disregard corporate form." Alman v. Danin, 801 F.2d 1, 3 (1st Cir. 1986). "The legal standard for when it is proper to pierce the corporate veil is notably imprecise and fact-intensive." Crane v. Green & Freedman Baking Co., Inc., 134 F.3d 17, 21 (1st Cir. 1998). "Because a rigid test could not account for all the factual variety, the federal common law standard adopted in [this] Circuit for measuring an ERISA plaintiff's veil-piercing claim is somewhat open-ended." Id. at p. 22. "The overarching principle, however, is that the corporate form may be disregarded only if considerations of fairness or public necessity warrant such a step." InterGen N.V. v. Grina, 344 F.3d 139, 148 (1st Cir. 2003).

The First Circuit has instructed that "litigants [in ERISA cases] who insist that the corporate veil be brushed aside must first prove three things: lack of corporate independence, fraudulent intent, and manifest injustice." United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant Street Corp., 960 F.2d 1080, 1093 (1st Cir. 1992). See also Alman v. Danin, 801 F.2d at 4 (identifying the elements as degree of respect paid to corporate separateness, fraudulent intent and degree of injustice). However, "a finding of some fraudulent intent is a sine qua non to the remedy's availability." Id. Although the First Circuit has applied a "less rigorous" standard to veil-piercing in ERISA cases because it is a remedial statute enacted to protect plan assets and beneficiaries, it observed that "separate corporate identities can[not] be overlooked at will or at whim" and that the standard still "demands a substantial showing." Id. at 1092. Finally, the First Circuit has held that the issue of whether to pierce the

corporate veil is one of fact and "the sort of determination usually made by a jury because it is so fact specific." Crane, 134 F.3d at 22.

### B. The Impact of the NLRB Proceeding

Plaintiff relies heavily upon the testimony before the NLRB and its findings. However, the legal and procedural context of such testimony and findings does not directly translate to the ERISA veil-piercing issue presently under consideration. The NLRB proceeding involved the issue of whether ADLA was the alter ego of ADF and thus legally obliged to honor ADF's collective bargaining agreement with Local 251. In other words, the NLRB examined whether ADLA was effectively a continuance of the business of ADF. In conducting this examination, the NLRB necessarily focused on ADF and ADLA, and whether they had "substantially identical" management, business purpose, operations, equipment, customers, supervision, ownership and, most importantly, whether there was centralized control of labor relations. See ADF, Inc. and its alter ego ADLA, LLC, 355 N.L.R.B. Nos. 14 and 62 (2010). After examining these factors, the NLRB concluded that "ADLA, as a trucking company, is merely a disguised continuance of ADF" and thus its alter ego. Id.

Rather than focusing on the identity of operations between ADF and ADLA, the ERISA veil-piercing issue presently before this Court is distinct and focuses on the degree to which the corporations and their principals observed corporate formalities and maintained separate identities. The Court must also examine the fact-intensive issues of fraudulent intent and the degree of injustice that would be occasioned by respecting the corporate form under these circumstances.

Although the issue of Defendant Delfarno's individual liability was raised during the NLRB proceeding,[2] the issue was deferred, and no determination was made one way or the other. The NLRB

---

[2] The issue of Defendant Lavigne's personal liability was not raised during the NLRB proceeding. In fact, the focus was on Defendant Delfarno, and the NLRB concluded that Defendant Lavigne "may be the nominal owner of ADLA, but she plays little, if any, role in its management" and "appears to be nothing more than an investor in ADLA's business."

did so because the issue of personal liability was raised late in the proceeding and over Delfarno's objection and because the record as to the extent of Delfarno's use of ADLA funds for personal expenses was not sufficiently developed. It was also noted that Delfarno was representing himself (as well as ADF and ADLA) <u>pro se</u> and that his request for a continuance predicated upon introduction of the new personal liability allegation had been denied. While the NLRB did not find Delfarno's testimony that he accurately separated personal expenses from business expenses when using the ADLA account to be credible, Plaintiff has not shown that this Court is bound by that factual determination. This case is before the Court on Cross-motions for Summary Judgment and thus, in considering Plaintiff's Motion, the Court is precluded from making credibility determinations and must view all facts in the light most favorable to Defendants. Although the NLRB did not credit his testimony, the record reflects that Delfarno in fact testified under oath that he appropriately accounted for personal expenses and thus the Court must view that evidence in the light most favorable to him when assessing Plaintiff's Rule 56 Motion. <u>See</u> Document No. 15-5.

Ironically, both parties argue that the NLRB decision has certain preclusive effect on this proceeding. Defendant Lavigne argues that the NLRB's findings of her limited involvement in either ADF or ADLA estop Plaintiff from asserting any claims against her personally. (Document Nos. 16-1 at p. 13 and 20 at p. 3). In response, Plaintiff asserts that it has "no objection to Defendants' request that collateral estoppel apply to the NLRB decision...provided that Defendants are estopped from contesting [all of] the findings therein." (Document No. 18 at p. 13).

Despite these dueling arguments, the findings made in the NLRB proceeding simply do not translate to the issues facing the Court in this action. Since (1) Defendants Delfarno and Lavigne were not parties to the NLRB proceeding, (2) the NLRB case primarily involved the issue of alter ego status and not veil-piercing, and (3) even the NLRB itself concluded that it was not in an appropriate position

to definitively rule on the issue of Delfarno's personal liability, there is simply no legal basis upon which this Court could give preclusive effect in this ERISA veil-piercing case to the factual findings and legal determinations made in the NLRB alter ego proceeding.  See Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994) (res judicata requires (1) a final judgment on the merits in the earlier action; (2) an identity of claims between the two actions; and (3) an identity of parties); and Plumley v. S. Container, Inc., 303 F.3d 364, 373 (1st Cir. 2002) (collateral estoppel requires (1) that the issue to be precluded is the same as that present in a prior proceeding; (2) that the issue was actually litigated in the prior proceeding; (3) that the issue was determined by a valid and binding final order; and (4) that the determination of the issue was essential to the final outcome in the prior proceeding).

### C. The Parties' Local Rule 56 Statements

Plaintiff also argues that Defendants' Statement of Undisputed Facts in Support of its Motion for Summary Judgment (Document No. 17) should be stricken in its entirety due to its failure to comply with the applicable rules.  In particular, Plaintiff accurately observes that Defendants' Statement is devoid of any supporting citation to evidence of record in this matter.  Rule 56(c)(1)(A), Fed. R. Civ. P., requires that a party asserting that a fact is undisputed "must support the assertion by citing to particular parts of materials in the record."  Similarly, Local Rule Cv 56(a)(2) requires that a Statement of Undisputed Facts "shall identify the evidence establishing [each] fact, including the page and line of any document to which reference is made, unless opposing counsel has expressly acknowledged that the fact is undisputed."  Defendants' Statement of Undisputed Facts does not comply with these rules and must be stricken as to paragraphs 3, 4 and 7.[3]  Accordingly, since Defendants' Motion is not

---

[3] In her Statement of Disputed Facts, Plaintiff does not dispute the "background" facts set forth in paragraphs 1, 2, 5 and 6.  (See Document No. 19 at p. 2).

properly supported, I recommend that it be DENIED for that reason and also because Defendants have not otherwise shown the absence of trial-worthy, veil-piercing claims against them.

Plaintiff also argues that the Court should consider her Statement of Undisputed Facts to be established because it has not been properly contested by Defendants. (See Document No. 18 at pp. 1-2). Although Defendants submitted a Statement of Undisputed Facts in support of their Rule 56 Motion, they did not submit a Statement of Disputed Facts in response to Plaintiff's Statement of Undisputed Facts, as required by the rules. In particular, Local Rule Cv 56(a)(3) provides that any fact alleged in the movant's Statement of Undisputed Facts "shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion." Local Rule Cv 56(a)(3); see also Rule 56(c)(1)(A), Fed. R. Civ. P. It also provides that a party contesting the movant's Statement of Undisputed Facts "shall file a Statement of Disputed Facts, which shall be numbered correspondingly..., and which shall identify the evidence establishing the dispute, in accordance with the requirements of paragraph (a)(2)." Id.

Since Defendants did not file a Statement of Disputed Facts, the Undisputed Facts presented by Plaintiff may be deemed admitted by the Court. However, the question is whether those admitted facts are limited to the facts contained in the Statement or must also be interpreted in conjunction with the required citation to the evidence supporting that fact. See Local Rule Cv 56(a)(2). Unfortunately, a number of Plaintiff's Undisputed Facts do not fully and accurately reflect the cited evidentiary support. For instance, in paragraph 38, Plaintiff asserts that it is undisputed that Delfarno drew from ADLA accounts when he needed money for personal expenses. (Document Nos. 15 at p. 6). However, the record citation reflects that Delfarno testified that he drew such funds "off the money they owe me" for "services that I've done for the company." (Document No. 15-5 at p. 13). He also testified similarly that any household expenses paid by ADF or ADLA were taken as "a loan repayment" "if the company

owes me money." (Document No. 15-5 at p. 10). In paragraph 52, Plaintiff asserts that it is undisputed that Delfarno paid legal fees relating to his divorce out of ADLA accounts. However, the record citation actually reflects the following exchange:

> Q: Now, when you pay legal fees for your divorce attorney you might pay them our [sic] of your own account or the ADLA account if ADLA owes you money?
>
> A: Yes, at the end of the day either a loan payment or direct income to me because it's not something that's a business expense.

(Document No. 15-5 at p. 25).

While Plaintiff strenuously challenges the credibility of this testimony and points in part to the lack of corroborating "loan" or other documentation, the Court cannot make credibility determinations under Rule 56 and must view the evidence in the light most favorable to Defendants, the nonmoving parties.

Looking at the evidence of record as a whole and viewing it in the light most favorable to Defendants, Plaintiff has simply not shown there is no genuine dispute as to any fact material to the veil-piercing issue[4] and that it is entitled to judgment as a matter of law imposing personal liability on Defendants for the corporate debts of ADF and ADLA. See 163 Pleasant Street Corp., 960 F.2d at 1093 (noting that a "substantial showing" is necessary to pierce the corporate veil). As noted by the First Circuit, the veil-piercing test is "imprecise and fact intensive" and requires findings of at least some degree of fraudulent intent and the presence of manifest injustice. Crane, 134 F.3d at 21-22. The limited evidentiary record presently before the Court is simply insufficient to allow the Court to make

---

[4] Plaintiff has likewise failed to establish the absence of a trial-worthy issue on its alternative and less developed argument that Defendants are "joint and/or single employers" with ADF and/or ADLA and thus personally responsible for their debts. (Document No. 14 at pp. 19-21).

these highly fact-specific determinations as a matter of law. Id. at 22 (noting that veil-piercing is the type of determination "usually made by a jury because it is so fact specific.").

**Conclusion**

For the foregoing reasons, I recommend that both Plaintiff's Motion for Summary Judgment (Document No. 14) and Defendants' Motion for Summary Judgment (Document No. 16) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 31, 2014